T.C. Memo. 2016-160

UNITED STATES TAX COURT

MARY E. BARIE AND THOMAS R. BARIE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24821-13.                    Filed August 23, 2016.

Mary E. Barie and Thomas R. Barie, pro sese.

<u>Erin K. Neugebauer</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined a deficiency of $1,424 in

petitioners' Federal income tax (tax) for their taxable year 2011.

**[\*2]**   The issues remaining for decision for petitioners' taxable year 2011 are:

(1) Are petitioners liable for the additional tax imposed by section 72(t)(1)[1] with respect to a distribution that petitioner Mary E. Barie received from an individual retirement account that she maintained?  We hold that they are.

(2) Are petitioners entitled to a deduction under section 219(a) with respect to a contribution that petitioner Thomas R. Barie made to an individual retirement account that he maintained?  We hold that they are not.

FINDINGS OF FACT

All of the facts have been deemed established for purposes of this case under Rule 91(f).

At the time petitioners filed the petition, they resided in Pennsylvania.

During taxable year 2011, both petitioners were retired.  Each petitioner maintained a separate individual retirement account (IRA).  In 2011, before petitioner Mary E. Barie (Ms. Barie) was 59½ years old, she withdrew $5,615 (Ms. Barie's IRA distribution) from an IRA that she maintained at Citizens Bank.  In 2011, petitioner Thomas R. Barie (Mr. Barie) contributed $5,000 (Mr. Barie's IRA contribution) to an IRA that he maintained at American Century Services, LLC.

---

[1]All section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** Petitioners jointly filed Form 1040, U.S. Individual Income Tax Return, for their taxable year 2011 (2011 return). In that return, petitioners included in gross income, inter alia, Ms. Barie's IRA distribution and a distribution from a certain pension or retirement account (collectively, retirement distributions). In the 2011 return, petitioners did not report any wages, commissions, self-employment income, alimony, combat pay, or other compensation. Petitioners did not report in that return any additional tax imposed by section 72(t)(1) (10-percent additional tax) with respect to Ms. Barie's IRA distribution. In their 2011 return, petitioners claimed a deduction for Mr. Barie's IRA contribution.

Respondent issued a notice of deficiency to petitioners for their taxable year 2011 (notice). In that notice, respondent determined, inter alia, (1) that petitioners are liable for the 10-percent additional tax imposed by section 72(t)(1) with respect to Ms. Barie's IRA distribution and (2) that petitioners are not entitled to a deduction under section 219(a) with respect to Mr. Barie's IRA contribution.[2]

---

[2]In the notice, respondent further determined that petitioners have certain interest income and certain dividend income that they did not report in their 2011 return. Petitioners concede those determinations.

**[\*4]**                                                OPINION

Petitioners bear the burden of establishing that the determinations in the notice that remain at issue are erroneous.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions are a matter of legislative grace, and petitioners bear the burden of proving entitlement to any deduction claimed.  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

We first consider whether petitioners are liable for their taxable year 2011 for the 10-percent additional tax imposed by section 72(t)(1) for their taxable year 2011 with respect to Ms. Barie's IRA distribution.  Section 72(t)(1) provides:

> SEC. 72.  ANNUITIES; CERTAIN PROCEEDS OF ENDOWMENT
>            AND LIFE INSURANCE CONTRACTS.
>
>     (t) 10-Percent Additional Tax on Early Distributions from
> Qualified Retirement Plans.--
>
>         (1) Imposition of additional tax.--If any taxpayer
>     receives any amount from a qualified retirement plan (as
>     defined in section 4974(c)), the taxpayer's tax under this
>     chapter for the taxable year in which such amount is received
>     shall be increased by an amount equal to 10 percent of the
>     portion of such amount which is includible in gross income.

A "qualified retirement plan" includes an IRA.  See sec. 4974(c)(4).

Section 72(t)(2) provides certain exceptions to the 10-percent additional tax imposed by section 72(t)(1).  On the record before us, we find that petitioners have

**[*5]** failed to carry their burden of establishing that any exception in section 72(t)(2) applies to Ms. Barie's IRA distribution.

On the record before us, we find that petitioners are liable for the additional tax imposed by section 72(t)(1) with respect to Ms. Barie's IRA distribution.

We next consider whether petitioners are entitled to a deduction under section 219(a) for their taxable year 2011 with respect to Mr. Barie's IRA contribution. Section 219(a) generally allows a deduction for contributions by or on behalf of individuals during the taxable year to, inter alia, an IRA. See sec. 1.219-1(a), Income Tax Regs.

Section 219(b)(1) limits the amount of any deduction under section 219(a) as follows:

SEC. 219. RETIREMENT SAVINGS.

(b) Maximum Amount of Deduction.--

(1) In general.--The amount allowable as a deduction under subsection (a) to any individual for any taxable year shall not exceed the lesser of--

(A) the deductible amount, or

(B) an amount equal to the compensation includible in the individual's gross income for such taxable year.

**[\*6]** Section 219(f)(1) defines the term "compensation" as follows:

SEC. 219.  RETIREMENT SAVINGS.

(f) Other Definitions and Special Rules.--

(1) Compensation.--For purposes of this section, the term "compensation" includes earned income (as defined in section 401(c)(2)).  The term "compensation" does not include any amount received as a pension or annuity and does not include any amount received as deferred compensation.  * * *

For purposes of 219(f)(1), dividend and interest income are not compensation unless the taxpayer received that income in the course of a trade or business as a dealer.  <u>See</u> sec. 1.219-1(c)(1), Income Tax Regs.

Petitioners' gross income for their taxable year 2011 consisted solely of certain retirement distributions, interest, and dividends.  On the record before us, we find that petitioners have failed to carry their burden of establishing that they have for their taxable year 2011 any compensation includible in gross income as defined in section 219(f)(1).

On the record before us, we find that petitioners have failed to carry their burden of establishing that they are entitled for their taxable year 2011 to a deduction under section 219(a) with respect to Mr. Barie's IRA contribution.

**[*7]**   We have considered all of the contentions and arguments of petitioners that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

Decision will be entered for respondent.